MATEO ET AL., DEMANDANTES Y APELANTES, *v.* MATEO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre reivindicación.

No. 2162.—Resuelto en mayo 24, 1920.

PRESCRIPCIÓN DEL DOMINIO — CONOCIMIENTO DE LOS DEFECTOS DEL TÍTULO. — Habiendo adquirido el actual poseedor los bienes que reclaman los demandantes, con buena fé y justo título; habiéndolos poseído quietamente, sin interrupción y en concepto de dueño, entre presentes, por más de diez años, y ha-

biendo invocado en su favor lo preceptuado en el artículo 1858 del Código Civil, no cometió error alguno la Corte de Distrito al desestimar la reclamación de los demandantes.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. F. González.*

Abogado de los apelados: *Sr. M. A. Martínez Dávila.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En la demanda presentada en este caso se alegó, en resumen, que Manuela Díaz, casada con Bernardo Mateo, murió en Aibonito en 1872, dejando como herederos a sus hijos Ezequiela, Gertrudis, José Ramón y Francisco, y como bienes una finca de veinte y cinco cuerdas adquirida durante su matrimonio; que el heredero Francisco murió dejando a su vez como herederos a sus hijos los demandantes Julio y María Mateo; que el 6 de abril de 1895 el viudo Bernardo y sus hijos Ezequiela, Gertrudis y José Ramón, prescindiendo de los demandantes que eran también condueños vendieron la indicada finca al demandado Florencio Torres; que Torres tramitó un expediente para acreditar el dominio de la finca y lo inscribió en el registro de la propiedad, vendiendo luego la repetida finca a su actual poseedor el demandado Ramón Díaz, y que tanto Díaz como Torres conocían que los demandantes, entonces menores de edad, eran condueños de la finca.  La demanda termina suplicando que la corte ordene que la finca de que se trata sea devuelta a la herencia de Manuela Díaz.

Los demandados Torres y Díaz contestaron la demanda. Aceptaron algunos hechos y negaron los que les perjudicaban.  Sostuvieron, en resumen, que sin tener conocimiento de los derechos que pudieran asistir a los demandantes, Torres compró la finca a Bernardo Mateo y a sus hijos Ezequiela, Gertrudis y José Ramón, tramitó un expediente de dominio, lo inscribió y vendió la propiedad a Díaz, habiéndola poseído ambos quieta y pacíficamente, sin interrupción y con

justo título. Alegaron los demandados expresamente la prescripción, basándose en el artículo 1858 del Código Civil.

Fué el pleito a juicio y la prueba demostró que la venta que se hizo por Mateo y sus tres hijos al demandado Torres se verificó por escritura pública de seis de abril de 1895; que el expediente tramitado por Torres para acreditar el dominio de la finca, quedó inscrito en el registro el 9 de noviembre de 1898, y que la venta de Torres al otro demandado Díaz se llevó a efecto por escritura pública otorgada en 13 de agosto de 1906. Los demandados desde las fechas de sus. respectivas adquisiciones entraron en la posesión de la finca como dueños, y no existe prueba alguna que demuestre que tuvieron conocimiento de los derechos de los demandantes al dominio de la finca en cuestión.

Siendo ese el resultado de las alegaciones y de las pruebas, no cometió error alguno la corte de distrito al declarar sin lugar la demanda.

Es cierto que los demandantes demostraron que tenían derecho a un condominio indiviso consistente en la cuarta parte de la mitad de la finca, pero ejercitaron su acción tan tarde que encontraron su derecho anulado por el del demandado Díaz.

La demanda en este caso se interpuso en 9 de febrero de 1918. Torres compró en 1895 e inscribió a su favor el dominio de la finca en 1898. En 1906, esto es, más de diez años antes de la interposición de la demanda, Díaz compró de Torres que aparecía como dueño en el registro desde hacía varios años.

"El dominio y demás derechos reales sobre bienes inmuebles se prescriben por la posesión durante diez años entre presentes y veinte entre ausentes, con buena fé y justo título," dice el artículo 1858 del Código Civil, invocado por los demandados.

Ese precepto es de entera aplicación a este caso. El título de Díaz es claramente justo, verdadero y válido, de acuerdo con lo dispuesto en los artículos 1853 y 1854 del Có-

digo Civil, y se alegó y se probó en el juicio, tal como exige
el artículo 1855 del propio cuerpo legal. Díaz poseyó como
dueño la finca personalmente más de diez años con anterio-
ridad a la reclamación de los demandantes y sumando a su
posesión la de su causante, por más de veinte años. Su
buena fé es incuestionable, de acuerdo con los hechos y la
ley; artículo 1851 del Código Civil.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.